## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TRUSTEES OF PLUMBERS LOCAL 98 DEFINED
BENEFIT PENSION FUND, PLUMBERS LOCAL 98
DEFINED CONTRIBUTION FUND, PLUMBERS
LOCAL 98 INSURANCE FUND, PLUMBERS LOCAL
98 SUB TRUST FUND, PLUMBERS LOCAL 98
RETIREE BENEFIT FUND, PIPEFITTERS LOCAL
636 DEFINED BENEFIT PENSION FUND, PIPEFITTERS
LOCAL 636 DEFINED CONTRIBUTION FUND,
PIPEFITTERS 636 INSURANCE FUND, PIPEFITTERS
LOCAL 636 DEFINED CONTRIBUTION RETIREMENT
TRUST & PLAN, PIPEFITTERS LOCAL 636
SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND,
PIPEFITTERS LOCAL 636 VACATION & HOLIDAY
FUND, PIPEFITTERS LOCAL 636 RETIREE AND WIDOW
BENEFIT FUND, METRO-DETROIT PLUMBING INDUSTRY
TRAINING TRUST and JOINT ADMINISTRATIVE
COMMITTEE OF THE PLUMBING & PIPEFITTING
INDUSTRY IN THE DETROIT AREA,

  Plaintiffs,          Case No.: 19-cv-
                  Hon.

v.

WATSON BROS. COMPANY, a Michigan
Corporation, JAMES C. WATSON, DEBORAH I.
WATSON and THOMAS MCTAGGART, Individually,

  Defendants.

---

**DAVID J. SELWOCKI  (P51375)**
Sullivan, Ward, Asher & Patton, P.C.
Attorneys for Plaintiffs
25800 Northwestern Hwy., Suite 1000
Southfield MI  48075
(248) 746-0700 phone/(248) 746-2760 fax
dselwocki@swappc.com

---

## **COMPLAINT**

**NOW COME** the above-named Plaintiffs, by and through their attorneys, **SULLIVAN, WARD, ASHER & PATTON, P.C.**, and for their Complaint against Defendants WATSON BROS. COMPANY, a Michigan corporation, JAMES C. WATSON, DEBORAH I. WATSON, and THOMAS MCTAGGART, Individually, state as follows:

1.      Plaintiffs are the Trustees of the PLUMBERS LOCAL 98 DEFINED BENEFIT PENSION FUND, PLUMBERS LOCAL 98 DEFINED CONTRIBUTION FUND, PLUMBERS LOCAL 98 INSURANCE FUND, PLUMBERS LOCAL 98 SUB TRUST FUND, PLUMBERS LOCAL 98 RETIREE BENEFIT FUND, PIPEFITTERS LOCAL 636 DEFINED BENEFIT PENSION FUND, PIPEFITTERS LOCAL 636 DEFINED CONTRIBUTION FUND, PIPEFITTERS LOCAL 636 INSURANCE FUND, PIPEFITTERS LOCAL 636 DEFINED CONTRIBUTION RETIREMENT TRUST & PLAN, PIPEFITTERS LOCAL 636 SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, PIPEFITTERS LOCAL 636 VACATION & HOLIDAY FUND, PIPEFITTERS LOCAL 636 RETIREE AND WIDOW BENEFIT FUND, METRO-DETROIT PLUMBING INDUSTRY TRAINING TRUST and JOINT ADMINISTRATIVE COMMITTEE OF THE PLUMBING & PIPEFITTING INDUSTRY IN THE DETROIT AREA (hereinafter referred to as "FUNDS").  The Funds are Trust Funds established and administered pursuant to Section 302 of the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 USC §186; and the Employee Retirement Income Security Act of 1974 (hereinafter referred to as

"ERISA"), 29 USC §1001 et seq., with administrative offices in the City of Troy, Oakland County, Michigan.

2. Defendant, WATSON BROS. COMPANY, is a Michigan corporation, with its principal offices in the State of Michigan (hereinafter "WATSON BROS.").

3. Defendants JAMES C. WATSON, DEBORAH I. WATSON and THOMAS MCTAGGART (hereinafter "Individual Defendants") are individuals who are the principal owners and/or officers of WATSON BROS. The Individual Defendants are responsible for running the day-to-day operations of WATSON BROS and are responsible for all its decisions pertaining to the payment of contributions to the Funds, including decisions whether to pay contributions.

4. The Individual Defendants are an employer or agents of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agents acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC §142(3). The Individual Defendants are employers within the meaning of §3(5) of ERISA, 29 USC §1002(5), and are thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

5. The Plaintiffs administer the FUNDS pursuant to the terms and provisions of their respective Agreements and Declarations of Trust. The FUNDS have been established pursuant to a Collective Bargaining Agreement heretofore entered into

3

between Local No. 98 and Local No. 636 (hereinafter referred to as the "Unions"), and certain Employers and Employer Associations, whose members employ members of the Unions, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

6.    At all times relevant hereto, Defendant WATSON BROS., was signatory to Collective Bargaining Agreements with the Local 98 and Local 636 Unions.

7.    The FUNDS are third-party beneficiaries of the Collective Bargaining Agreements.

8.    Pursuant to the terms and provisions of the Collective Bargaining Agreements between WATSON BROS., and the UNIONS,  WATSON BROS., agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by WATSON BROS., and covered by the Agreement.

9.    That pursuant to the provisions of the plan and trust documents for the FUNDS, contributions become vested plan assets on the date in which they are due.

10.    That pursuant to the Collective Bargaining Agreements, Defendant WATSON BROS., is required to make fringe benefit contribution payments to be remitted with the standard contribution form no later than the 15th day of the month following the month in which the hours were worked.

11.    That pursuant to the Collective Bargaining Agreements, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages and the costs of collection and attorney fees.

12.     That pursuant to the Collective Bargaining Agreements and in accordance with the Agreement and Declaration of Trust for each of the FUNDS, the Trustees acting thereunder are authorized and empowered to examine and copy the payroll records and books of a signatory employer to permit such Trustees to determine whether such an employer is making full payments as required under the Collective Bargaining Agreement.

13.     That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and Section 1145.

14.     This court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between the labor organization and an employer.  Jurisdiction and venue are also proper pursuant to 29 USC §1132(e).

## <u>COUNT I – Breach of Collective Bargaining Agreements and 29 USC §1145</u>

15.     Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 14 above as though fully set forth herein.

16.     That notwithstanding its contractual obligations, WATSON BROS., has failed and refused to pay its obligations, therefore violating the Collective Bargaining Agreements and various provisions of ERISA, including but not limited to 29 USC §1145.

17.    That notwithstanding its contractual obligations, WATSON BROS., has failed and refused to permit an audit as requested, therefore violating the Collective Bargaining Agreements.

18.    By the above described omissions and breaches of the Collective Bargaining Agreements by Defendants, the Trustees of the FUNDS have been prevented from discharging their duties as permitted by the parties' CBAs and the associated trust documents for each of the FUNDS.

19.    Plaintiffs are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendants are ordered to specifically perform all obligations on Defendants' part required to be performed under the Collective Bargaining Agreement and are restrained from continuing to refuse to perform as thereunder required.

**WHEREFORE,** Plaintiffs request that this Honorable Court grant the following relief:

A.    Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreements as set forth above;

B.    Enter an Order that Defendant WATSON BROS. COMPANY open its books and records for a complete payroll audit;

C.    Enter a Judgment in favor of Plaintiffs against Defendants WATSON BROS. COMPANY, JAMES C. WATSON, DEBORAH I. WATSON and THOMAS MCTAGGART for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs, and all of the mandates of 29

USC §1132(g)(2), and other sums as may become due to the FUNDS during the pendency of this action;

D.    Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E.    Any such other further or different relief as may be just and equitable under the circumstances.

## COUNT II – Breach of Fiduciary Duties of James C. Watson, Deborah I. Watson and Thomas McTaggart

20.    Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 19 above as though fully set forth herein.

21.    The Individual Defendants are fiduciaries with respect to the various fringe benefit plans within the meaning of ERISA, 29 USC §1002(21)(A) in that they exercised discretionary authority or control respecting management or disposition of the assets of the plans.

22.    By engaging in the acts and omissions described, the Individual Defendants have breached their fiduciary duties regarding the FUNDS within the meaning of 29 USC §1104(a)(1)(A).

23.    The Individual Defendants are personally liable based on breaching their fiduciary duties pursuant to 29 USC §1109(a).

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

A.    Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreements as set forth above;

B.   Enter an Order that Defendant WATSON BROS. COMPANY open its books and records for a complete payroll audit;

C.   Enter a Judgment in favor of Plaintiffs against Defendants WATSON BROS. COMPANY, JAMES C. WATSON, DEBORAH I. WATSON and THOMAS MCTAGGART for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs, and all of the mandates of 29 USC §1132(g)(2), and other sums as may become due to the FUNDS during the pendency of this action;

D.   Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E.   Any such other further or different relief as may be just and equitable under the circumstances.

## COUNT III – BUILDER'S TRUST FUND ACT VIOLATIONS

24.   Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 23 above as though fully set forth herein.

25.   The corporate Defendant was to hold fringe benefit contributions owed to the FUNDS in trust pursuant to the Michigan Builders' Trust Fund Act, MCLA §570.151-153.

26.   The Individual Defendants are the parties responsible for running the day-to-day activities of the corporate Defendant and making all of the decisions regarding monies to be held in trust for the FUNDS.

27.   Based on the Defendants' failure to appropriately pay fringe benefit contributions to the FUNDS, the Defendants have violated the Michigan Builders' Trust Fund Act.

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

A.    Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreements as set forth above;

B.    Enter an Order that Defendant WATSON BROS. COMPANY open its books and records for a complete payroll audit;

C.    Enter a Judgment in favor of Plaintiffs against Defendants WATSON BROS. COMPANY, JAMES C. WATSON, DEBORAH I. WATSON and THOMAS MCTAGGART for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and other sums as may become due to the FUNDS during the pendency of this action;

D.    Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E.    Any such other further or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

*/s/David J. Selwocki*
Sullivan, Ward, Asher & Patton, P.C.
Attorney for Plaintiffs
25800 Northwestern Highway, Suite 1000
Southfield, MI  48075
(248) 746-0700
dselwocki@swappc.com
Dated: May 7, 2019            P51375

W2296915.DOC